IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  3:05cr11/RV
 3:06cv251/RV/MD

MARCUS DWAYNE SPEARS

### REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 58). The government has filed a response (doc. 64) and the defendant has filed a reply (doc. 66). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

### I. BACKGROUND

Defendant was charged in a four count indictment with conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing cocaine, possession with intent to distribute cocaine on a date certain, possession of a firearm during and in relation to a drug trafficking crime, and possession of a firearm by a convicted felon. Co-defendant Antoine Devon Wilson was charged with drug offenses. Wilson signed a plea and cooperation agreement on February 23, 2005 (doc. 18), and defendant Spears entered into a plea and cooperation agreement to counts one and three on March

24, 2005. (Doc. 31). Pursuant to the terms of the agreement, Spears acknowledged that with respect to count one he faced a mandatory minimum term of ten years imprisonment, and a maximum term of life, or, absent a prior qualifying felony drug conviction he faced a mandatory minimum term of five years' imprisonment, a maximum term of 40 years imprisonment (21 U.S.C. § 841(b)(i)(B)(ii)), and with respect to count three he faced a mandatory minimum term of five years imprisonment that would run consecutively to any sentence imposed on count one. (Doc. 31 at 1-2). Defendant acknowledged his guilt of the offense of conspiracy to possess with intent to distribute 500 grams or more of cocaine and possession of a firearm in furtherance of a drug trafficking crime, and the fact that he had a prior felony drug conviction as alleged by the government. (Doc. 31 at 2). The agreement also included a standard provision with respect to the government's discretion in advising the court about the nature and extent of the defendant's cooperation. (Doc. 31 at 5-6).

The rearraignment colloquy was unremarkable. The court clarified for the defendant that he could be convicted on the firearm charge even if it was physically not in his possession at the time of arrest, (doc. 51 at 21), and defendant admitted that he was guilty of the conduct charged in the indictment. (Doc. 51 at 21-22). Defendant was warned that neither the government nor counsel could promise any particular sentence because the sentencing decision was up to the court. (Doc. 51 at 25-26).

The PSR attributed six kilograms of cocaine to the defendant, for a base offense level of 32, added a two level upward adjustment for defendant's leadership role in the offense conduct, and subtracted three levels for acceptance of responsibility for a total offense level of 31. Defendant had a criminal history category of III, yielding a guidelines range of 135 to 168 months imprisonment. Defense counsel filed a written objection to the quantity of drugs attributed to his client, but withdrew this objection at sentencing. (Doc. 52 at 3). The government noted that defendant's attempts at cooperation had not yet risen to the level of substantial assistance, but that it was prepared to meet with the defendant again after sentencing. (Doc. 52 at 4). Defendant was sentenced to a term of 144 months imprisonment on count 1 and a consecutive 60 month term of imprisonment on count

three.  (Doc. 52 at 8).  In selecting a sentence towards the lower end of the applicable range, the court indicated that it had taken into account the defendant's sincere efforts to cooperate.

Defendant filed a notice of appeal (doc. 43), which was voluntarily dismissed on October 11, 2005. (Doc. 56).  The instant motion to vacate, signed on May 23, 2006, raises three grounds for relief.  Defendant contends his sentence was in violation of the United States Constitution, that the government breached the plea agreement, and that counsel was constitutionally ineffective because he failed to object to issues that increased the penalty range.

## II.  LEGAL ANALYSIS

### A.  *Booker* Claim

Defendant's first claim is that his sentence was unconstitutional under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because he pleaded guilty to conspiracy to possess with intent to distribute less than five kilograms of cocaine, but that his sentence was enhanced "outside the guideline range," but was held accountable for one additional kilogram of cocaine and two additional points were added to his offense level due to his status as a leader/organizer.

In the seminal case of *Apprendi v. New Jersey*,[1] the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490, 120 S.Ct. at 2362-63.  Subsequently, in *Blakely v. Washington*,[2] the Court clarified:

> the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.  See Ring, supra*, 536 U.S. at 602, 122 S.Ct. at 2428 ("'the maximum he would receive if punished according to the facts

---

[1] ***Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000).**

[2] ***Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).**

> reflected in the jury verdict alone'" (*quoting Apprendi, supra*, 503 U.S. at 483, 120 S.Ct. at 2348)) . . . . In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

124 S.Ct. at 2537-38 (emphasis in original, some citations omitted); *see also In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004) (quoting *Blakely*).

In *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court extended its holding in *Blakely* to the Sentencing Guidelines, holding that the mandatory nature of the federal guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. It excised two parts of the Sentencing Reform Act to cure the constitutional defects: 18 U.S.C. § 3553(b)(1), which made the guidelines result binding on the sentencing court and § 3742(e), which required *de novo* review of sentences on appeal. *Id.* at 764. It is these cases upon which defendant relies.

Defendant's analysis fails because despite the fact that his sentence was based on the court's finding that he should be held accountable for six kilograms of cocaine, rather than the less than five kilograms of controlled substances with which he had been charged, and its finding that a two level adjustment for his leadership role in the offense was warranted, his sentence did not exceed the statutory maximum. As noted above, defendant was advised at the rearraignment that he faced a statutory maximum mandatory term of life imprisonment on the controlled substance charge, or, absent a prior qualifying felony drug conviction, a statutory mandatory maximum of forty years. See 21 U.S.C. § 841(b)(i)(B)(ii). His total sentence of 204 months was well below either statutory mandatory maximum, and the holding of *Apprendi* and its progeny is not implicated. See *e.g., United States v. Chao,* 426 F.3d 1318 (11th Cir. 2005); *United States v. Denaro*, 90 Fed.Appx. 555 (1st Cir. 2004); *United States v. Goodine,* 326 F.3d 26, 32-33 (1st Cir. 2003); *United States v. Garcia,* 240 F.3d 180, 183 (2nd Cir. 2001); *United States v. McKeithan*, 2002 WL 31477304 (3rd Cir. 2002); *United States v. Zidell*, 323 F.3d 412 (6th Cir. 2003); *Talbot v. Indiana*, 226 F.3d 866, 869 (7th Cir. 2000). Furthermore, in imposing sentence,

the court specifically stated that it had taken into account "the advisory nature of the United States Sentencing Guidelines." (Doc. 52 at 8). Thus there was no *Booker* violation.

### B. Violation of Plea Agreement

Defendant next contends that the government violated the plea agreement when he was allowed to plead to a drug conspiracy charging between 500 grams and 5 kilograms of cocaine, but he was held accountable under the guidelines for six kilograms of cocaine. Defendant was told by the court at rearraignment that the sentencing guidelines range could not be predicted in advance, that no particular sentence could be guaranteed, and that the court would make its sentencing decision based upon all the factors that are set out by statute and otherwise to be taken into account. (Doc. 51 at 25). The plea agreement stated that the government reserved the right to advise the District Court of its version of the circumstances surrounding the commission of the offenses and reserves the right to present evidence and make arguments pertaining to the application of the sentencing guidelines. Although, as noted above, defendant was held accountable for more than five kilograms of cocaine, the sentence he ultimately received was well below the statutory maximum for the charged offense. Therefore, the plea agreement was not violated.

### C. Ineffective assistance of counsel

Defendant's final contention is that counsel was ineffective for failing to pursue objections to the increase in his penalty range due to the drug quantity and role adjustment in light of the fact that these "enhancements" were not included in the indictment, and were neither admitted by him nor submitted to a jury and proven beyond a reasonable doubt. Essentially, defendant's claim again arises under *Apprendi*, *supra*. As noted above, defendant's sentence did not exceed the statutory maximum, and hence there was no basis for an objection. Furthermore, the quantity of drugs set forth in the PSR supported the court's calculation, and the facts set forth in the PSR supported application of the role adjustment. Counsel is not ineffective for failing to preserve or argue a meritless claim.

*Case No: 3:05cr11/RV; 3:06cv251/RV/MD*

See *Brownlee v. Haley,* 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise non-meritorious issue); *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (counsel was not ineffective for informed tactical decision not to make what he believed was a meritless motion challenging juror selection procedures where such a motion has never been sustained because such a motion would not have been successful).

Based on the foregoing, it is respectfully RECOMMENDED:
The motion to vacate, set aside, or correct sentence (doc. 58) be DENIED.

At Pensacola, Florida, this 5th day of December, 2006.


/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:05cr11/RV; 3:06cv251/RV/MD*